UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

RUSSELL W. ADAMS,

        Plaintiff,

v.

MATT MACAULEY et al.,

        Defendants.
_____/

Case No. 1:23-cv-18

Honorable Sally J. Berens

**OPINION**

    This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). Plaintiff initially filed his complaint in the United States District Court for the Eastern District of Michigan. On December 22, 2022, that court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 4.) On January 5, 2023, that court transferred the action to this Court for further proceedings. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 10.)

    This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

    Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a

defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Macauley, Normanton, Federeau, and Lambart. The Court will also dismiss Plaintiff's Eighth Amendment official capacity claim for damages against Defendant Washington on grounds of immunity. The following claims against Defendant Washington remain in the case: (1) Plaintiff's ADA claim; and (2) Plaintiff's Eighth Amendment official capacity claim for injunctive relief.

## Discussion

**I.     Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

about which he complains occurred at that facility. Plaintiff sues MDOC Director Heidi Washington and the following IBC personnel: Warden Matt Macauley, Unit Manager Unknown Normanton, Assistant Resident Unit Manager Unknown Federeau, and Health Unit Manager Unknown Lambart. Plaintiff indicates that he is suing all Defendants in their official capacities only. (ECF No. 1, PageID.2.)

Plaintiff alleges that he suffers from severe Crohn's disease. (*Id.*, PageID.3.) The toilet in his cell is on a timer, and he can only flush once every 5 minutes or the toilet locks for 1 hour. (*Id.*) Plaintiff contends that he has a medical detail for "continuous access to toilet" because of his Crohn's disease. (*Id.*) He claims that his toilet is "constantly clogged," and that correctional officers refuse to provide him access to a plunger or drain snake. (*Id.*) Plaintiff alleges that he has often sat in his cell "for 8-10 [hours] with the toilet full of waste and unable to use it." (*Id.*) He states that the inability to use the toilet causes him "severe pain and cramps." (*Id.*) Plaintiff claims that when he was incarcerated at the Carson City Correctional Facility, staff there removed the timer function from his toilet. (*Id.*)

Based on the foregoing, Plaintiff asserts violations of the ADA, as well as his Eighth Amendment rights. (*Id.*) Plaintiff seeks injunctive relief in the form of having the timer removed or a transfer to "a prison without a toilet timer." (*Id.*) He also requests damages. (*Id.*)

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails 'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The

court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

    **A.**    **ADA Claims**

As noted above, Plaintiff contends that Defendants have violated the ADA—presumably, Title II of the ADA, 42 U.S.C. § 12131—by failing to accommodate his Crohn's disease by giving him access to a toilet without a timer or by permitting him to plunge or snake his toilet.

Title II of the ADA provides, in pertinent part, that no qualified individual with a disability shall, because of that disability, "be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." *Mingus v. Butler*, 591 F.3d 474, 481–82 (6th Cir. 2010) (citing 42 U.S.C. § 12132). In order to state a claim under Title II of the ADA, Plaintiff must show: (1) that he is a qualified individual with a disability; (2) that defendants are subject to the ADA; and (3) that he was denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of his disability. *See Tucker v. Tennessee*, 539 F.3d 526, 532–33 (6th Cir. 2008) *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338 (6th Cir. 2015);

*see also Jones v. City of Monroe*, 341 F.3d 474, 477 (6th Cir. 2003). The term "qualified individual with a disability" includes "an individual with a disability who, with or without . . . the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2).

Title II of the ADA applies to state prisons and inmates. *See Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210-12 (1998) (noting that the phrase "services, programs, or activities" in Section 12132 includes recreational, medical, educational, and vocational prison programs). The proper defendant under a Title II claim is the public entity or an official acting in his official capacity. *Carten v. Kent State Univ.*, 282 F.3d 391, 396–97 (6th Cir. 2002). As noted above, Plaintiff has named all Defendants in their official capacities only, and he seeks injunctive relief and damages. Because Plaintiff has sued all Defendants in their official capacities, his ADA claims are, for all intents and purposes, against the State of Michigan as the real party in interest and, therefore, are properly brought. *See Brotherton v. Cleveland*, 173 F.3d 552, 560–61 (6th Cir. 1999).

The courts have recognized that, where an entity is named as a defendant, official capacity claims against employees of the entity are redundant. *See Foster v. Michigan*, 573 F. App'x 377, 390 (6th Cir. 2014) (finding official capacity suits against defendant agency's employees superfluous where the state and agency were also named as defendants); *see also Faith Baptist Church v. Waterford Twp.*, 522 F. App'x 322, 327 (6th Cir. 2013) ("Having sued Waterford Township, the entity for which Bedell was an agent, the suit against Bedell in his official capacity was superfluous." (citing *Foster*, 573 F. App'x 377); *Petty v. Cnty. of Franklin*, 478 F.3d 341, 349 (6th Cir. 2007) ("To the extent that Petty's suit is against [Sheriff] Karnes in his *official* capacity, it is nothing more than a suit against Franklin County itself."), *abrogated on other grounds by*

*Twombly,* 550 U.S. at 561–62, and *Iqbal*, 556 U.S. at 679. Likewise, Plaintiff's official capacity claims against Defendants Washington, Macauley, Normanton, Federeau, and Lambart are redundant of one another because each constitutes an identical suit against the MDOC or the State of Michigan for a violation of the ADA. *See Foster*, 573 F. App'x at 390 (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). The Court, therefore, will allow Plaintiff's official capacity claim under the ADA only against Defendant Washington as the highest ranking named official. Accordingly, Plaintiff's official capacity ADA claims against Defendants Macauley, Normanton, Federeau, and Lambart will be dismissed.

The MDOC and the State of Michigan (acting through Defendant Washington) are not necessarily immune from Plaintiff's claim under the ADA. The ADA "validly abrogates state sovereign immunity" for "conduct that *actually* violates the Fourteenth Amendment[.]" *United States v. Georgia*, 546 U.S. 151, 159 (2006); *see also Mingus*, 591 F.3d at 482. In *Georgia*, an inmate alleged that certain conduct by prison officials independently violated his Eighth Amendment rights and Title II of the ADA. 546 U.S. at 157. Without deciding the accuracy of those allegations, the Court explained that the inmate's "claims for money damages against the State under Title II were evidently based . . . on conduct that independently violated the provisions of § 1 of the Fourteenth Amendment" because the guarantee against cruel and unusual punishment has been incorporated into the Due Process Clause of the Fourteenth Amendment. *Id.* Here, Plaintiff contends that he is often unable to use his toilet because of the timer and because officers will not permit him to plunge or snake it, and that the inability to use the toilet exacerbates his Crohn's symptoms, causing severe pain and cramps. At this juncture, the Court will assume that Plaintiff's ADA claim is not barred by sovereign immunity. Plaintiff, therefore, will be permitted to proceed on his official capacity ADA claim against Defendant Washington.

**B.     Section 1983 Claims**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, Plaintiff asserts violations of his Eighth Amendment rights because he is "locked in a cell 22 [hours] a day without access to a plunger." (ECF No. 1, PageID.4.) He contends that he is "forced to breath[e] human waste because the staff refuse[] to provide a plunger or snake." (*Id.*)

As noted *supra*, Plaintiff sues Defendants in their official capacities only. A suit against an individual in his or her official capacity is equivalent to a suit brought against the governmental entity: in this case, the MDOC. *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The states and their departments are immune under the Eleventh Amendment from suit in the federal courts unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a Section 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768,

771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010).

Plaintiff seeks damages as well as injunctive relief. Official capacity defendants, however, are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). The Court, therefore, will dismiss any claims for monetary damages Plaintiff asserts against Defendants in their official capacities.

Although damages claims against official capacity defendants are properly dismissed, an official capacity action seeking injunctive relief constitutes an exception to sovereign immunity. *See Ex parte Young*, 209 U.S. 123, 159–60 (1908) (holding that the Eleventh Amendment immunity does not bar prospective injunctive relief against a state official). The United States Supreme Court has determined that a suit under *Ex parte Young* for prospective injunctive relief should not be treated as an action against the state. *Graham*, 473 U.S. at 167 n.14. Instead, the doctrine is a fiction recognizing that unconstitutional acts cannot have been authorized by the state and therefore cannot be considered done under the state's authority. *Id.*

Importantly, "*Ex parte Young* can only be used to avoid a state's sovereign immunity when a 'complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Ladd v. Marchbanks*, 971 F.3d 574, 581 (6th Cir. 2020) (quoting *Verizon Md. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002)). Here, Plaintiff suggests continuing violations of his Eighth Amendment rights. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d

9

950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "[R]outine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[] of and disregard[] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act

10

with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

As noted *supra*, Plaintiff contends that his toilet is on a timer and is constantly clogged because officers do not allow him to use a plunger or drain snake. He avers that he often cannot use the toilet because of the clogs and that his inability to do so exacerbates his Crohn's symptoms, causing severe pain and cramps. Given these allegations, the Court concludes that Plaintiff has set forth a plausible ongoing violation of the Eighth Amendment. However, Plaintiff's official capacity Eighth Amendment claims against Defendants are redundant of one another because Plaintiff seeks the same relief from each. The Court, therefore, will allow Plaintiff's Eighth Amendment official capacity claim to proceed against Defendant Washington as the highest ranking named official. Plaintiff's official capacity Eighth Amendment claims against Defendants Macauley, Normanton, Federeau, and Lambart will, therefore, be dismissed.[2]

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Macauley, Normanton, Federeau, and Lambart will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

---

[2] The Court recognizes that Plaintiff's complaint does not allege that Defendants have personally been involved in the denial of his requests for a plunger or snake. Nor does Plaintiff allege that Defendants have personal knowledge of the issues he has experienced with having his toilet on a timer. However, to pursue his official capacity claim for prospective injunctive relief, Plaintiff need not allege that Defendants were personally involved. Instead, he must show that Defendants "are the ones who have the power to provide the relief sought, whether or not they were involved in the allegedly illegal conduct at issue." *See Taaffe v. Drake*, No. 2:15-cv-2870, 2016 WL 1713550, at *5 (S.D. Ohio Apr. 29, 2016). As the Director of the MDOC, Defendant Washington certainly has the power to provide the relief sought by Plaintiff.

The Court will also dismiss Plaintiff's Eighth Amendment official capacity claim for damages against Defendant Washington on grounds of immunity. The following claims against Defendant Washington remain in the case: (1) Plaintiff's ADA claim; and (2) Plaintiff's Eighth Amendment official capacity claim for injunctive relief.

      An order consistent with this opinion will be entered.


Dated: February 7, 2023            /s/ Sally J. Berens
                                                            SALLY J. BERENS
                                                            U.S. Magistrate Judge